AMERICAN CAR & FOUNDRY CO. v. MORTON TRUST CO. et al.

(Circuit Court of Appeals, Third Circuit. January 26, 1910.)

No. 9.

PATENTS (§ 328*)—INVENTION—HOPPER-BOTTOM CARS.

The Schoen patent, No. 647,907, for a hopper-bottom car, is merely for an adaptation of the old double hopper-bottom to the changed construction due to the use of pressed steel as the car material, without changing the function of the parts or producing any new result, and is void for lack of invention.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Suit in equity by the Morton Trust Company and the Pressed Steel Car Company against the American Car & Foundry Company. Decree for complainants, and defendant appeals. Reversed.

For opinion below, see 161 Fed. 546.

Paul Bakewell, Charles J. Hardy, and Livingston Gifford, for appellant.

Cyrus N. Anderson and Charles Neave, for appellees.

Before BUFFINGTON, Circuit Judge, and J. B. McPHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the court below the Pressed Steel Car Company, assignee of patent No. 647,907, granted April 17, 1900, to C. T. Schoen for a hopper-bottom car, filed a bill which charged infringement of the first claim thereof by the American Car & Foundry Company. That claim was:

"In a double hopper-bottom car, an underframe constructed without side sills and comprising bolsters, end sills, draft-rigging beams interposed between the bolsters and sills, and center sills arranged between the longitudinal center of the car and its sides and out of alignment with the draft-rigging beams and secured to the bolsters, thereby leaving a clear space in the middle of the car for the projection of the hopper-chutes through the underframe, substantially as described."

The court below found the claim valid and infringed, and entered a decree so adjudging. From such decree the American Car & Foundry

Company appealed, and in its appeal challenges the validity of the patent, to which question we address ourselves.

The patent concerns metallic or pressed steel cars provided with double hopper-bottoms. With the transition from wooden to pressed steel cars, a readjustment and rearrangement of many parts of the car necessarily took place. These changes were caused, not only by reason of the smaller comparative thickness of the steel and wood required, but from the fact that, in order to press shapes to advantage, the parts of the car should be so rearranged that such parts could be pressed in large and simple sections. In addition, changes were permissible because greater strength could be obtained in some parts through members less both in size and number. As was to be expected, an advance along car construction lines followed, and for coal, ore, and bulky freight the steel cars have largely supplanted the old wooden cars and are adapted to carry much heavier tonnage. Now to us the patent in suit seems simply the outgrowth of that advance, and in it we find nothing of an inventive character. In the old car art, Schoen found double hopper-bottoms, bolsters, underframes, sills, both side and end, and draft-rigging. Each of them performed a well-recognized function in car support, load balancing, and draft purposes. He took these as he found them, and reassembled them in his patented device in a possibly desirable way when a pressed steel car was to be built. We say possibly desirable, for his type of car covered by this patent has not gone into use or even been built by the complainant, though an extensive car builder. But, assuming the device is useful and novel, no new or different result, either individually or collectively, resulted from the relation in which the patentee placed these well-known car parts. The underframe did what it had always done to support the car. True, the lateral sills thereof were designed by Schoen to be further in from the side of the car than in the old wooden structure: but with its lateral sills so placed the function of the underframe was in no respect changed from its former action, and it neither modified or was modified by the action of any other part. A steel brace, extending to the car side from the recessed underframe, made the latter afford the same support as the old frame; and, indeed, it would seem clear that no stress was laid on this recessed sill as contributing to the inventive character of the device, for the file wrapper shows it was only introduced in the claim under stress as a limitation to avoid anticipation. In the device as a whole there was no interchange of mechanical function between the several parts, and no new result came from their contiguity. Each maintained its independent function, which, whether in isolation or companionship, remained the same. There being an absence of new functional co-operation, and the position and relation of the several parts being wholly structural, we cannot regard the construction as inventive in character.

We are therefore of opinion the patent was invalid, and the decree must be reversed, with directions to dismiss the bill.